# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**DANIELLE HINES, KELSIE NOEL** and
**KAYLEIGH SAWYER,** *Individually, and*
*on behalf of themselves and others similarly situated,*

 Plaintiffs,

    v.

No._____

**ONEW COMPANY, LLC; ONEW COMPANY TN, LLC; ONEW COMPANY AL, LLC; ONEW COMPANY, LA, LLC; ONEW COMPANY FL, LLC; ONEW COMPANY NC, LLC; ONEW COMPANY SC, LLC; ONEW COMPANY VA, LLC; ONEW COMPANY MD, LLC** and
**KEVIN G, JANG,** Individually,

            **FLSA Multi-Plaintiff Action**
            **RULE 23 Class Action**
            **JURY DEMANDED**

Defendants.

---

## ORIGINAL MULTI-PLAINTIFF AND CLASS ACTION COMPLAINT
---

  Plaintiffs Danielle Hines, Kelsie Noel, and Kayleigh Sawyer ("Plaintiffs"), individually, and on behalf of themselves and other similarly situated current and former hourly-paid sales associates, bring this Fed. R. Civ. P. 23 class action and Fair Labor Standards Act ("FLSA") multi-plaintiff action against ONEW Company, LLC, ONEW Company TN, LLC, ONEW Company AL, LLC, ONEW Company LA, LLC, ONEW Company FL, LLC, ONEW Company NC, LLC, ONEW Company SC, LLC, ONEW Company VA, LLC, ONEW Company MD, LLC ("Defendant limited liability companies") and Kevin G. Jang, individually (collectively, "Defendants"), and allege as follows:

1

## I.     INTRODUCTION

1. This lawsuit is brought against Defendants as a multi-plaintiff action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages and overtime compensation owed to Plaintiffs and other similarly situated hourly-paid sales associates who are members of an FLSA collective action as defined herein and currently or previously employed by Defendants during all times material to this action.

2. This lawsuit also is brought against Defendants as a Fed. R. Civ. P. 23 class action, alleging breach of contract under Tennessee state law, to recover unpaid contractual wages or, in the alternative, unjust enrichment/quantum meruit compensation, owed to Plaintiffs and other similarly situated current and former hourly-paid sales associates who are members of a Rule 23 class as defined herein, and who are currently or previously employed by Defendants.

## II.    JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and are brought to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

4. This Court has jurisdiction over the Fed. R. Civ. P. 23 class action claims herein under 28 U.S.C § 1367 because the claims are so related to claims in this action within this Court's original jurisdiction in that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs were employed by Defendants in this District during all time material to this action. Also,

Defendants regularly have conducted and continue to conduct business in this District, and have engaged and continue to engage in wrongful conduct in this District during all times material to this action.

### III  SIMILARLY SITUATED DESCRIPTIONS

6. Plaintiffs bring this Fed. R. Civ. P. 23(b)(3) class action against Defendants on behalf of the following similarly situated individuals:

> All hourly-paid sales associates who were employed by and worked for Defendants in the State of Tennessee during the six years preceding the filing of this Original Complaint, and who were not paid all wages and compensation owed them by the Defendants. (the "Rule 23 class").

7. Plaintiffs seeks to send notice to the following similarly situated current and former employees of Defendants:

> All hourly-paid sales associates who were employed by and performed work for Defendants in the United States within weekly pay periods during the three (3) year period preceding the filing of the Multi-Action Complaint and who is a Named Plaintiff or elect join this action pursuant to the FLSA, 29 U.S.C. § 216(b). ("potential plaintiffs").

### IV. PARTIES

8. Plaintiff Danielle Hines was employed by and worked for Defendants as an hourly-paid sales associate during all times material to this action. (Plaintiff Hines' Consent to Join the FLSA action herein is attached hereto as *Exhibit A*.)

9. Plaintiff Kelsie Noel was employed by and worked for Defendants as an hourly-paid sales associate during all times material to this action. (Plaintiff Noel's' Consent to Join the FLSA action herein is attached hereto as *Exhibit B*.)

3

10. Plaintiff Kayleigh Sawyer was employed by and worked for Defendants as an hourly-paid sales associate during all times material to this action. (Plaintiff Sawyer's Consent to Join the FLSA action herein is attached hereto as *Exhibit C*.)

11. Defendant ONEW Company, LLC's principal offices are located at 1215/1310 Capital Circle, Lawrenceville, Georgia. ONEW Company, LLC owns and operates NEW SQUARE clothing stores in Tennessee and in many other Southeastern states. Defendant's agent for service of process is Kevin G. Jang, 1215/1310 Capital Circle, Lawrenceville, Georgia 30043.

12. Defendant ONEW Company TN, LLC is a Tennessee limited liability company with its principal offices located at 2760 N. Germantown PKWY, Unit 1425, Memphis, Tennessee 38133. Defendant's agent for service of process is Kevin G. Jang, 2760 N. Germantown PKWY, Unit 1425, Memphis, Tennessee 38133.

13. Defendant ONEW Company AL, LLC is an Alabama limited liability company with its principal offices located at 1701 McFarland BLVD., Tuscaloosa, Alabama 35404. Defendant's agent for service of process is Kevin G. Jang, 1701 McFarland BLVD., Tuscaloosa, Alabama 35404.

14. Defendant ONEW Company LA, LLC is a Louisiana limited liability company with its principal offices located at 197 Westbank Expressway, Suite 1285, Gretna, Louisiana 70053. Defendant's agent for service of process is Kevin G. Jang, 197 Westbank Expressway, Suite 1285, Gretna, Louisiana 70053.

15. Defendant ONEW Company FL, LLC is a Florida limited liability company with its principal offices located at 1910 Wells Road (Suite A14), Orange Park, FL. 32073.

Defendant's agent for service of process is Kevin G. Jang, 1910 Wells Road (Suite A14), Orange Park, FL. 32073.

16. Defendant ONEW Company NC, LLC is a North Carolina limited liability company with its principal offices located at 410 Four Seasons Town Center 248, Greensboro, North Carolina 27407. Defendant's agent for service of process is Kevin G. Jang, 410 Four Seasons Town Center 248, Greensboro, North Carolina 27407.

17. Defendant ONEW Company SC, LLC is a South Carolina limited liability company with its principal offices located at 100 Columbiana Circle, Columbia, South Carolina 29212 Defendant's agent for service of process is Kevin G. Jang, 100 Columbiana Circle, South Carolina 29212.

18. Defendant ONEW Company VA, LLC is a Virginia limited liability company with its principal offices located at 11500 Midlothian Turnpike, Suite 616, Richmond, Virginia 21076. Defendant's agent for service of process is Kevin G. Jang, 11500 Midlothian Turnpike, Suite 616, Richmond, Virginia 21076.

19. Defendant ONEW Company MD, LLC is a Maryland limited liability company with its principal offices located at 7000 Arundel Mills Circle, #408, Hanover, Maryland 21076. Defendant's agent for service of process is Kevin Jang, 7000 Arundel Mills Circle, #408, Hanover, Maryland 21076.

20. Defendant Kevin G. Jang is the principal owner of the Defendant limited liability companies listed above. He operates and manages these companies from his headquarters at 1215/1310 Capital Circle, Lawrenceville, Georgia. He operates and manages Defendants' NEW SQUARE clothing stores in Tennessee, Alabama, Louisiana, Florida, Georgia, North Carolina, South Carolina, Virginia and Maryland. He has been responsible

for the implementation and administration of the pay practices pertaining to Plaintiffs and those similarly situated during all times material to the lawsuit. He can be served process at 1215/1310 Capital Circle, Lawrenceville, Georgia.

21. Defendants are an integrated enterprise as that term is defined by 29 U.S.C. § 201(r) because their business activities are performed through a unified and centralized operation and common control, and are for a common business purpose.

## FACTUAL ALLEGATIONS

22. Defendants own and operate some 39 NEW SQUARE clothing stores located in Tennessee, Georgia, Alabama, Florida, Maryland, Virginia, North Carolina, South Carolina, and Louisiana.

23. Plaintiffs were hourly-paid sales associates who worked for Defendants at one of their NEW SQUARE retail stores in Memphis, Tennessee during all times material herein.

24. Defendants have been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times material to this Complaint.

25. Plaintiffs and those similarly situated are/ have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and who worked for Defendants within the territory of the United States during the relevant time period.

26. Defendants are and have been an "enterprise" as defined within section 203(r)1 of the FLSA during all times material to this action.

27. Defendants have been an "enterprise" engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

28. Defendant Kevin Jang, who is the principal owner and operator of Defendant limited liability companies and their NEW SQUARE clothing stores, has been responsible for implementing, establishing and administering the wage and compensation policies and practices pertaining to Plaintiffs and the classes from his centralized headquarters in Lawrenceville, Georgia, during all times material to this Complaint.

29. Defendants have had a time keeping system for the purpose of recording the compensable work hours of Plaintiffs and those similarly situated during all times material herein.

30. Plaintiffs and those similarly situated performed work for Defendants in excess of 40 hours per week within weekly pay periods during all times material to this Complaint.

31. Defendants either failed to record or "edited-out" compensable work hours, including overtime hours, of Plaintiffs and those similarly situated from their time keeping system within weekly pay periods during all times material.

32. Thus, Defendants did not compensate Plaintiffs and those similarly situated for all their compensable work hours at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods during all times material.

33. Defendants offered Plaintiffs and those similarly situated specific hourly rates of pay for all the work hours they performed for Defendants during all times material to this action.

34. Plaintiffs and those similarly situated accepted Defendants' offer by performing the work assigned them by Defendants during all times material.

35. However, Defendants failed to compensate Plaintiffs and those similarly situated for all their work hours within weekly pay periods in breach of their contractual wage obligations to Plaintiffs and those similarly situated, during all times material.

36. Defendants have been aware they have not compensated Plaintiffs and those similarly situated for all hours worked within weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay, during all times material.

37. Defendants also have been aware that by failing to compensate Plaintiffs and those similarly situated for all their work time, they have breached their unilateral wage contracts with them for the payment of all work hours and unjustly enriched themselves at their expense.

38. The unpaid minimum wage and overtime compensation claims of Plaintiffs and those similarly situated are unified through common theories of Defendants' FLSA violations.

39. Defendants' common practice of failing to pay Plaintiffs and those similarly situated for all the minimum wages and overtime compensation owed them was willful with reckless disregard to the FLSA overtime requirements, and without a good faith basis.

40. Plaintiffs and others similarly situated are entitled to a recovery from Defendants of all their unpaid minimum wages, overtime compensation and contractual compensation, liquidated damages, attorneys' fees, interest, and other costs, fees and expenses that is available to them.

## RULE 23 BREACH OF CONTRACT
## CLASS ACTION ALLEGATIONS

41. Defendants employed Plaintiffs and members of the Rule 23 class during all relevant periods of time herein.

42. Defendants promised Plaintiffs and other Rule 23 class members they would be compensated at a specified hourly rate of pay for all hours of work performed within weekly pay periods during all times material.

43. Plaintiffs and other Rule 23 class members fulfilled their acceptance of such promises by performing the required work directed by Defendants.

44. However, Defendants failed to pay Plaintiffs and other Rule 23 class members the promised wages for all the work performed within weekly pay periods during all times material.

45. Plaintiffs bring this case as a Fed. R. Civ. P. 23 class action on behalf of themselves and on behalf of other potential Rule 23 class members to recover the aforementioned unpaid contractual wages owed them.

46. The precise number of Rule 23 class members is not known as of this time. However, the exact number of such class members easily can be ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

47. Common questions of law or fact common to the Rule 23 class predominate over questions affecting only individual class members. These common questions of law or fact are:

    (a) Whether a unilateral contract existed between Defendants and Plaintiffs and the putative Rule 23 class for the payment of wages.

    (b) Whether Plaintiffs and other members of the Rule 23 class are entitled to the specified contractual wages promised them by Defendants under the Tennessee statutory and common law of contracts, quantum meruit and/or unjust enrichment.

    (c) Whether Defendants paid Plaintiffs and other members of the Rule 23 class all the wages owed them within weekly pay periods during the relevant time period herein.

    (d) Whether the Defendants unlawfully breached their unilateral wage agreements

        with Plaintiffs and members of the Rule 23 class;

    (e)    The nature and extent of the Rule 23 class-wide injury and the appropriate measure of damages for the putative Rule 23 class;

48. Pursuant to the allegations above, Plaintiffs' claims are typical of Rule 23 class claims.

49. Plaintiffs' claims and the claims of the members of the Rule 23 class arose from the same Defendants' actions or inactions herein and the claims are based on the same legal theories.

50. The individuals in the Rule 23 class, as identified above, are so numerous that joinder of all members is impracticable.

51. The identity of the Rule 23 class members is readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

52. Plaintiffs are adequate class representatives.

53. Plaintiffs were hourly-paid sales associates of Defendants who, like other members of the Rule 23 class, were not paid promised wages for the all hours worked within weekly pay periods during all relevant periods of time herein. (Therefore, Plaintiffs have an inherent interest in seeking recovery for the same types of damages that members of the Rule 23 class would seek.)

54. Plaintiffs' unpaid wage claims are typical of those claims which could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief which would be sought by each member of the putative Rule 23 class in separate actions.

55. All the Rule 23 class members are/were subject to the same unlawful practices of Defendants in their failure to pay them all contractually agreed-upon wages

56. A class action is superior to other available methods for the fair and efficient adjudication

of this litigation, particularly in the context of breach of a wage contract litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant

57. Class action treatment will permit other similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions produce

58. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. However, treating the claims as a class action would result in a significant savings of these costs.

59. Although the relative damages suffered by individuals in the class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

60. Additionally, proceeding as a class action will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' unlawful practices. As a result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims

61. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees may be fearful of bringing individual claims because doing so could harm their employment, future employment, and future efforts to secure employment. (Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

62. Plaintiffs know of no conflict of interest they have with this class of employees who

worked for Defendants.

63. Plaintiffs have hired the law firm of Jackson, Shields, Yeiser, Holt, Owen & Bryant to pursue their claims and the claims of the Rule 23 class for unpaid contractual wages. (The Jackson, Shields, Yeiser, Holt, Owen & Bryant law firm focuses most of its practice on wage and hour claims under the FLSA and state contractual laws.)

64. The law firm has represented numerous other employees asserting unpaid contractual wage claims.

65. The class action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by Plaintiffs and other members this Rule 23 class action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

66. Plaintiffs and other members of this Rule 23 class have suffered and will continue to suffer irreparable damage from the unlawful wage practices implemented and administered by Defendants unless resolved by this action.

## **MULTI-PLAITIFF ACTION ALLEGATIONS**

67. Plaintiffs bring this action on behalf of themselves and potential plaintiffs as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

68. The claims under the FLSA may be pursued by those who elect to join this action under 29 U.S.C. § 216(b).

69. While the exact number of potential plaintiffs is unknown to Plaintiffs at this time, and can only be ascertained through applicable discovery, Plaintiffs believe there are more than 100 potential plaintiffs to this action.

70. The claims of Plaintiffs are typical of the claims of potential plaintiffs to this action.

71. Plaintiffs and potential plaintiffs to this action are similarly situated in that they were subjected to Defendants' common policy and practice of failing to pay them all their compensable hours at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this lawsuit, as previously described.

72. Plaintiffs and potential plaintiffs to this action also are similarly situated in that their unpaid wage claims are unified through common theories of Defendants' FLSA violations.

73. Plaintiffs will fairly and adequately protect the interests of potential plaintiffs to this action as their interests are aligned with the interest of such potential plaintiffs.

74. Plaintiffs have no interests adverse to the interest of potential plaintiffs to this action.

75. Plaintiffs have retained competent counsel who are experienced in multi-plaintiff action litigation.

76. The multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individual plaintiffs in a multi-plaintiff action are relatively small in comparison to the expenses, costs, and burden of the litigation of individual actions, making it virtually impossible for plaintiffs to individually seek redress for the wrongs done to them.

77. Plaintiffs and potential plaintiffs to this action have suffered and will continue to suffer irreparable damage from the unlawful pay policies and practices implemented and administered by Defendants.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS

78. Plaintiffs, on behalf of themselves and other members of the FLSA Class, repeat and re-allege Paragraphs 1 through 77 above as if they were fully set forth herein.

79. Plaintiffs and the FLSA Class are similarly situated because they have been similarly deprived of the minimum wages and overtime compensation owed them as a result of Defendants' unlawful practices, as previously described.

80. Defendants' failure to pay Plaintiffs and other members of the FLSA Class for all their hours worked within weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay has violated the FLSA, as previously described.

81. During the relevant time period herein, Defendants' common practice of willfully failing to pay Plaintiffs and members of the FLSA Class at the applicable FLSA minimum wage and overtime compensation rates of pay for all hours worked within weekly pay periods has resulted in their unpaid wage claims being unified through common theories of Defendants' FLSA violations.

82. Defendants have had actual knowledge of failing to pay Plaintiffs and other members of the FLSA Class all the applicable FLSA minimum wages and overtime compensation to which they are entitled.

83. Defendants' conduct was willful with reckless disregard to clearly established FLSA compensation requirements.

84. Defendants' violations were without a good faith basis.

85. Plaintiffs and the other members of the FLSA Class are therefore entitled, and hereby seek, to recover compensation from Defendants unpaid minimum wages and overtime compensation as required by the FLSA, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

## COUNT II
## RULE 23 CLASS ACTION VIOLATION

86. Plaintiffs, on behalf of themselves and other members of the Rule 23 Class, repeat and re-allege Paragraphs 1 through 86 above as if they were fully set forth herein.

87. Plaintiffs assert Rule 23 class breach of contract claims because Defendants entered in to valid and enforceable unilateral wage contracts with them pursuant to Tennessee common law

88. Defendants offered to compensate Plaintiffs and other members of the Rule 23 class at a specified hourly wage within weekly pay periods for all work performed on their behalf.

89. Plaintiffs and other members of this Rule 23 class accepted Defendants' offer to pay them a specified hourly wage for all work performed within weekly pay periods by performing such work during all times material.

90. However, Defendants breached their obligations under the said contracts by failing to pay Plaintiffs and other Rule 23 class members the agreed-upon hourly compensation for all such hours they performed.

91. In the alternative to the breach of contract class claims, Plaintiffs assert a quantum meruit/unjust enrichment claim that they and each member of the proposed Rule 23 class provided valuable services to Defendants.

92. Defendants accepted their services and had reasonable notice that Plaintiffs and Rule 23 class members expected to be compensated for the work they performed on behalf of Defendants.

93. The reasonable value of such services provided to Defendants by Plaintiffs and Rule 23 members are consistent with the additional hourly rate of pay promised them because Defendants benefitted to such degree or more from the work they performed.

94. Defendants were aware they failed to pay Plaintiffs and Rule 23 class members all the money owed them under the aforementioned wage contracts.

## PRAYER FOR RELIEF

Whereas, Plaintiffs, individually, and/or on behalf of themselves and all others similarly situated, request this Court to grant the following relief against Defendants:

A. Promptly issue notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. For an Order finding Defendants liable under the FLSA for unpaid minimum wages and overtime compensation due to Plaintiffs and potential plaintiffs, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs and potential plaintiffs;

C. For certification of and notice to the FLSA Class and Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

D. An award of damages associated with Defendants' breach of contract or, in the alternative, damages associated with their quantum meruit/unjust enrichment claims.

E. An award of all contractually agreed-upon wages;

F.   For an Order finding that Defendants' violations of the FLSA were willful.

G.   An award of prejudgment and post-judgment interest at the applicable legal rate to FLSA Plaintiffs and potential plaintiffs;

H.   An award of prejudgment and post-judgment interest at the applicable legal rate to Rule 23 Plaintiffs and class members;

I.   An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to FLSA Plaintiffs and potential plaintiffs.

J.   Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

August 9, 2023                                  Respectfully Submitted

                                                *s/J. Russ Bryant*
                                                Gordon E. Jackson (TN BPR #8323)
                                                J. Russ Bryant (TN BPR #33830)
                                                James L. Holt, Jr. (TN BPR #12123)
                                                J. Joseph Leatherwood IV (TN BPR #39490)

                                                **JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
                                                Attorneys at Law
                                                262 German Oak Drive
                                                Memphis, Tennessee 38018
                                                Telephone: (901) 754-8001
                                                Facsimile: (901) 754-8524
                                                *gjackson@jsyc.com*
                                                *rbryant@jsyc.com*
                                                *jholt@jsyc.com*
                                                *jleatherwood@jsyc.com*

                                                *Attorneys for Plaintiff and those similarly situated*